JOHNSON, Appellant,

v.

JOHNSON, Appellee.

[Cite as *Johnson v. Johnson*, 189 Ohio App.3d 653, 2010-Ohio-4022.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 10AP–121.

Decided Aug. 26, 2010.

Gary J. Gottfried Co., L.P.A., Gary J. Gottfried, and Darice L. Schlaufman, for appellant.

Kathy Johnson, pro se.

TYACK, Presiding Judge.

{¶ 1} Robert Johnson, appellant, appeals from the terms of his judgment entry/decree of divorce. He assigns a single error for our consideration:

The Trial Court committed error and abused its discretion when it failed to award the Plaintiff's pre-marital interest in the Plaintiff's Boilermaker–Blacksmith National Pension Trust as his pre-marital, separate property.

{¶ 2} Appellant began working with the Boilermaker–Blacksmith Union in 1969. As a member of the union, he participated in the Boilermakers–Blacksmith National Pension Trust for 14 1/2 years before he married Kathy Johnson, appellee. Appellant had retired and was drawing benefits under the pension when the parties separated. The benefits being drawn were increased as a result of the choice of the parties for appellant to receive payments on a so-called level option. Under that option, appellant received an increased monthly payment for the remaining years of his life. When he turned 66, his Social Security payments went to the pension plan and the amount of money he received remained the same. Appellee received a survivor benefit to assure her of payments if she lived longer than appellant.

{¶ 3} The trial court had no information before it to determine the value of the pension as of the date of marriage. As a result, the trial court found that all of the pension was marital property.

{¶ 4} Appellee had no legal representation at the trial of her divorce case. In all likelihood, she had no way to provide the trial court with proof of the value of the pension. Appellant was represented by experienced counsel. Still, no proof of the value of the pension on the date of marriage was forthcoming.

{¶ 5} This case highlights a problem frequently faced by domestic-relations judges. Appellee was unemployed when the case was tried. Appellant was retired and working as a seasonal employee cutting grass and removing snow. The parties did not have much money to spend on experts to evaluate personal property and retirement accounts.

{¶ 6} The trial judge took what information she did have and attempted to divide the assets fairly. Appellant had inherited the marital residence and therefore received it as separate property. Appellee had no interest in real estate.

{¶ 7} Appellee had quit her job, and the trial court found that she had an earning ability of $19,000 per year. The trial court supplemented this with spousal support of $150 per month, subject to modification.

{¶ 8} The major marital asset was the pension, evaluated at $842,327. $76,209 was the value from the pension assigned to appellee's survivorship interest. The trial court awarded 59.05 percent of the remaining $766,118 to appellant and 40.95 percent to appellee. As of the date of the divorce, appellant also had an interest in the Ohio Public Employees Retirement System ("OPERS") in value some-

where between $1,658.82 and $6,000.   Appellant was not sure of the amount.   He retained all interest in OPERS.

{¶ 9} Given the evidence the trial court had before it, we cannot say that the trial court's order with respect to the pension was an abuse of discretion.

{¶ 10} The assignment of error is overruled.   The judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.

Judgment affirmed.

BRYANT and CONNOR, JJ., concur.